UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| YOSMINDA BASSETT,      ) | |
| ) | |
| PLAINTIFF      ) | |
| ) | CV 09-142 |
| v.      ) | |
| ) | **JURY TRIAL DEMANDED** |
| AMERICAN PROFIT RECOVERY,      ) | |
| INC.,      ) | |
| ) | |
| ) | |
| DEFENDANT.      ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Yosminda Bassett, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1.  The Plaintiff, Yosminda Bassett ("Bassett" or "Plaintiff"), is a resident and citizen of the state of Alabama, Escambia County, and is over the age of twenty-one (21) years.

2.  The Defendant, American Profit Recovery, Inc. ("Defendant") is a Massachusetts corporation with its principal place of business in the state of Massachusetts. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Escambia County,

Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

3. On or about February 25, 2009, Plaintiff received a call on her telephone from an/agent/employee of the Defendant who was attempting to collect a debt allegedly owed to Pen Air FCU, a third party creditor, who is not a party to this action. This was the first phone call Plaintiff had received from Defendant.

4. The alleged debt was used primarily for personal, family, and/or household uses.

5. The phone call of February 25, 2009 was the first communication Plaintiff has received from the Defendant in regards to the alleged debt.

6. The agent/employee failed to disclose that he was a debt collector, that the communication was an attempt to collect a debt, and that any information obtained would be used for that purpose.

7. The agent/employee failed to provide Plaintiff with her validation rights as provided in 15 U.S.C. 1692g.

8. The agent/employee probed the Plaintiff for personal financial and other information, such as where she worked, if she owned a car, if she owned a house, etc.

9. The agent/employee requested Plaintiff's husband's cell phone number.

10. The agent/employee requested Plaintiff's mother's cell phone number. The agent/employee also requested personal financial information about Plaintiff's mother, including where she worked, and if she owned a home.

11. The agent/employee's probing was an attempt to shame, embarrass, and humiliate Plaintiff, and cause her to believe that Defendant would contact third parties and disclose her

personal and private financial matters with them, and attempt to collect the alleged debt from them.

12. At exactly 7:00 a.m. Central Standard Time (the time zone in which Plaintiff resides) on February 27, 2009, the agent/employee of Defendant called Plaintiff again. Again, the agent/employee failed to disclose that he was a debt collector, that the communication was an attempt to collect a debt, and that any information obtained would be used for that purpose.

13. As soon as Plaintiff answered the phone, the agent/employee of the Defendant began screaming at her at the top of his lungs.

14. The agent/employee screamed: "You hung up on me! You have 7 days to pay up in full or I will seek further legal action! Pay your bills!" The agent/employee then slammed the phone down.

15. Plaintiff was so distraught from the debt collector's threatening tone that she feared for her personal safety.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

16. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

17. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

19. The Defendant used false representations and/or deceptive means to attempt to collect a debt in violation of §§1692e(3), (4), (5), (10) and (11).

20. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

21. The Defendant violated §1692d by using harassment and abusive means in attempting to collect a debt, including, but not limited to §1692d(6) by failing to disclose his/her identity.

22. The Defendant violated §1692c(a)(1) by contacting the Plaintiff before 8:00 a.m.

23. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer damages.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

24. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

25. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

26. The Defendant knew or should have known that said conduct was improper.

27. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

28. The Defendant negligently failed to train and supervise collectors on the FDCPA.

29. As a result of the Defendant's negligence, the Plaintiff was caused to suffer damages.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

30. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

31. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

32. The Defendant knew or should have known that the said conduct was improper and

illegal.

33. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

34. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA.

35. As a result of the Defendant's recklessness and wantonness, the Plaintiff was caused to suffer damages.

## COUNT FOUR
## INVASION OF PRIVACY

36. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

37. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

38. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

39. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

40. Said communications constitute the wrongful intrusion into her solitude and seclusion.

41. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

### *Respondeat Superior Liability*

42. The acts and omissions of the agents/employees of Defendant who communicated with Plaintiff were committed within the time and space limits of their agency relationship with their principal, Defendant American Profit Recovery, Inc.

43. The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

44. By committing these acts and omissions against Plaintiff, the agents/employees were motivated to benefit their principal, the Defendant.

45. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees, including but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

### **AMOUNT OF DAMAGES DEMANDED**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the defendant as follows:

  A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

  B. Statutory damages of $1,000, actual damages, and costs and reasonable attorney fees from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

  C. Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision, and Invasion of Privacy; and,

  D. Such other relief that this Court deems just and proper.

          /s/ W. Whitney Seals
          W. Whitney Seals
          ASB 8890-W81S
          Pate & Cochrun, LLP
          P.O. Box 10448
          Birmingham, AL 35202-0448
          Phone (205) 323-3900

          /s/ Michael W. Lindsey
          Michael W. Lindsey
          ASB 4328-A63L
          Lindsey Law Firm, LLC
          One Perimeter Park Dr., Ste 330 N
          Birmingham, AL 35243
          Phone (205) 970-2233

**PLAINTIFF REQUESTS THAT DEFENDANT BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO:**

American Profit Recovery, Inc.
c/o The Corporation Company – Reg. Agent
2000 Interstate Park Dr, Ste 204
Montgomery, AL 36109